IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**AMERICAN GENERAL LIFE INSURANCE COMPANY**,

   Plaintiff,

v.

**LAWSON BROTHERS TRUCKING COMPANY, et al.**,

   Defendants.                                          Case No. 08-cv-103-DRH

**ORDER**

**HERNDON, Chief Judge:**

This Order is to reiterate what was stated on the record during a hearing in this matter, held on November 13, 2008 at 10:00 a.m., the purpose of which was to show why the Court should not hold attorney Steven Edwards in contempt for his failure to comply with certain Orders of the Court.

On October 14, 2008, the Court issued an Order (Doc. 25), requiring that defendant Lawson Brothers Trucking Company ("Lawson Brothers") file a disclosure of corporate interests statements, in accordance with **FEDERAL RULE OF CIVIL PROCEDURE 7.1**, by October 24, 2008. Lawson Brothers failed to do so. Therefore, on November 3, 2008, the Court again issued an Order (Doc. 28),

requiring the Rule 7.1 disclosure statement be filed by November 7, 2008, otherwise, Lawson Brothers and/or its attorney would be ordered to appear before this Court to show cause as to why they should not be held in contempt for failure to comply with the Court's Order. Again, Lawson Brothers failed to file its Rule 7.1 disclosure statement or provide the Court with any explanation as to why it has twice failed to comply with the Court's Orders. Therefore, the Court set a Contempt Hearing for November 13, 2008 at 10:00 a.m., ordering Lawson Brothers's attorney of record, Steven W. Edwards, to appear before the Court or otherwise be held in contempt.

The hearing was conducted and Mr. Edwards failed to appear. Thus, the Court hereby finds Steven W. Edwards, Esq., attorney of record for defendant Lawson Brothers Trucking Company, to be individually[1] in **CONTEMPT OF COURT**. Accordingly, the Court hereby **SANCTIONS** Mr. Edwards to pay a **MONETARY FINE** in the amount of **One Hundred Dollars ($100.00)** each and every *business* day (excluding weekends and federal holidays), beginning today, November 13, 2008, until the date he finally complies with the Court's previous Orders and files a corporate disclosure statement on behalf of Lawson Brothers Trucking Company, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 7.1**. Once this Rule 7.1 corporate disclosure statement has been filed, Mr. Edwards shall no longer be held in contempt of court and the $100/business day fine shall cease continuing to accrue.

---

[1] The Court clarifies that Mr. Edwards himself is being held in contempt of court, not defendant Lawson Brothers Trucking Company. Therefore, Mr. Edwards may not add any amount of said accrued contempt fine to any attorneys' lien he may impose upon his client or any other person or entity on his client's behalf.

Payment on Mr. Edward's accrued fine shall be made to the Clerk of the Court, payable to the United States Treasury, via cash, money order or cashier's check.

**IT IS SO ORDERED.**

Signed this 13th day of November, 2008.

/s/    *DavidRHerndon*
**Chief Judge**
**United States District Court**